UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIZZA P. EL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:21-CV-1335-DDN |
| | ) |
| MARC PILLOW, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of documents submitted by Nizza P. El, also known as Orlando Preston. It appears plaintiff filed the documents to initiate a civil action *in forma pauperis* against United States Probation Officer Marc Pillow. For the reasons explained below, plaintiff will be allowed to proceed *in forma pauperis*, and this action will be dismissed without further proceedings.

### Background

The following is relevant to the case at bar. In *United States v. Preston,* No. 4:13-cr-143-CDP (E.D. Mo. Jun. 30, 2014), plaintiff pleaded guilty to conspiracy, mail fraud, and operating a chop shop. On June 14, 2014, the Honorable Catherine D. Perry sentenced plaintiff to serve a total of 60 months in prison, followed by three years of supervised release. The judgment was affirmed on appeal. At the time he initiated this civil action, he was not incarcerated or detained in a facility.

During part of the time plaintiff spent on supervised release, he was supervised by Officer Pillow. On December 15, 2021, after Officer Pillow reported that plaintiff had violated the conditions of his supervision, Judge Perry held a hearing and found plaintiff had violated his

supervised release. Judge Perry revoked plaintiff's release, and continued the hearing to be reset at a later date. As of the date of this Memorandum and Order, plaintiff is in federal custody.

**Plaintiff's Filings**

Plaintiff did not submit a complaint on a Court-provided form, as required by E.D.Mo. L.R. 2.06(A). Instead, he submitted a document titled "The Moorish National Republic, The Moorish Divine and National Movement of the World, Aboriginal/Indigenous Natural Peoples of Northwest Amexem North America . . . Writ of Habeas Corpus Ad Subjiciendum . . . U.S.C. Title 28 Subsection 2242, U.S.C. Title 28 Subsection 1351(1)(2)." It is replete with legalistic gibberish, and it references a "Treaty of Peace and Friendship" between the Moors and the United States. Within the document is a section titled "The Moorish National Republic, Moorish Divine and National Movement of the World . . . Affidavit of Financial Statement . . .".  Therein, plaintiff avers he has "no gold or silver coins," and expresses his belief that court filing fees violate his right to due process. The Court will liberally construe plaintiff's averments as a request for leave to proceed *in forma pauperis* in this matter, and will grant that request.

Plaintiff identifies himself as "Nizza P. El, Permanent Representative of MOORSH MOSLEM MISSION # 20, in association with Nizza P. El, being competent to make this affidavit in our own writing," and he states he is "in full life, a National person and Aborigonal Autonomous Autochton Indigenous inhabitant of North America/Morocco, not in the CORPORATE STATE OF MISSOURI jurisdiction." He avers he possesses "Freehold by Inheritance status." In a section titled "Cause of Action," plaintiff alleges that agents of the United States Marshals Service "breached & burglarized the private property of the Moorish Science Temple of America" in an attempt to apprehend him "on the behest of" Officer Pillow. Plaintiff avers he was not at the property at the time in question. He alleges no facts describing the conduct of Officer Pillow, and

he does not allege he had contact with an agent. Plaintiff does allege that the agents' activity was upsetting to people in the area, and he alleges that while the agents were there, they denied entry to Moorish persons. Plaintiff claims the foregoing conduct amounts to "various substantive violations" against "Moorish Nationals." Included with the complaint are other documents with no explained or apparent relationship to any potential cause of action. Plaintiff does not clearly explain the relief he seeks.

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### Discussion

As an initial matter, the Court notes that plaintiff apparently initiated this action, at least in part, to bring claims on behalf of third parties. However, plaintiff lacks standing to bring claims on behalf of others, *see Warth v. Seldin*, 422 U.S. 490, 499 (1975), and because he is not a licensed

3

attorney, he may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Additionally, having liberally construed plaintiff's filings and presumed the veracity of the alleged facts, the Court concludes that plaintiff pleads no claim with a legitimate basis in law or fact.

While plaintiff cites 28 U.S.C. § 2242 and 28 U.S.C. § 1351(1)(2), neither provides a basis for this suit. Section 2242 describes an application for writ of habeas corpus, and plaintiff's filings cannot be construed as such an application. Section 1351 provides that district courts shall have jurisdiction over civil actions against consuls or vice consuls of foreign states or persons defined in section 2 of the Diplomatic Relations Act, not Officer Pillow or any person who could be identified as a defendant.

Plaintiff clearly bases his claims upon the theory that he and/or others enjoy sovereign status as Moors. This is an indisputably meritless legal theory. All citizens of the United States are subject to the laws thereof, and there is no legitimate basis to conclude plaintiff is not a United States citizen. Additionally, the United States has not recognized the Moorish Nation as a sovereign state, and even aliens are subject to United States law. *See Osiris v. Brown,* 2005 WL 2044904 *2 (D. N.J. Aug. 24, 2005) (citing *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988)). The terminology and phrases plaintiff uses are the type often used by those who assert claims based on the theory that they are special "sovereign citizens" who are exempt from federal, state, and/or local law. Such theories have been summarily rejected as frivolous by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and

4

collecting cases rejecting the group's claims as frivolous); *United States v. Simonson*, 563 F. App'x. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous).

Having carefully reviewed and liberally construed plaintiff's filings, the Court concludes this action must be dismissed. Plaintiff cannot bring claims on behalf of third parties. Additionally, plaintiff's pleadings fail to state a claim upon which relief may be granted because they contain no facts that would state a plausible claim for relief, *see Iqbal,* 556 U.S. at 679, and this action is frivolous because plaintiff's claims are clearly based upon indisputably meritless legal theories. *See Neitzke,* 490 U.S. at 325 (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). The Court can envision no amendment to the complaint that would cause it to state a plausible, non-frivolous claim. This action will therefore be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of January 2022.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

5